# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOHN EBEN WOODWARD,** | )<br>) |
| Petitioner, | ) Case No. 7:14CV00390<br>) |
| v. | ) **OPINION**<br>) |
| **COMMONWEALTH OF VIRGINIA**<br>**PAROLE BOARD,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Respondent. | ) |

*John Eben Woodward, Pro Se Petitioner.*

Petitioner John Eben Woodward, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, which the court has construed and docketed as arising under 28 U.S.C. § 2254. After review of the petition, I find it appropriate to summarily dismiss the petition without prejudice, because the petitioner offers no indication that he has exhausted state court remedies as required.[1]

Liberally construed, Woodward's habeas petition seeks to challenge the validity of his confinement under the most recent order from the Virginia Parole Board, denying him discretionary parole release. Woodward states that he should

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

be released on parole because records of his ongoing mental health problems were not introduced at his sentencing hearing, he was not given an insanity evaluation,[2] and he needs treatment at a veterans hospital.

Under 28 U.S.C. § 2254(b)(1)(A), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding exhaustion requires seeking review in highest state court). Woodward's submissions do not indicate that he has pursued any state court action concerning his current claims about being wrongfully denied parole release. He could file a habeas petition challenging the most recent parole board action in the circuit court where he was sentenced, with a subsequent appeal to the Supreme Court of Virginia or he could file a habeas petition directly in the Supreme Court of Virginia.

Because it appears that Woodward has available state court remedies, I must dismiss his § 2254 petition without prejudice.[3] *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

---

[2] Woodward, a Navy Vietnam-era veteran, states that during his service, he was hospitalized and ultimately discharged for mental health problems, later diagnosed as Post Traumatic Stress Disorder ("PTSD"). He states that after entering the Virginia Department of Corrections in 2000, he has been committed and forcibly medicated at Marion Correctional Treatment Center, where he is currently confined.

Case 7:14-cv-00390-JPJ-RSB   Document 2   Filed 08/07/14   Page 2 of 3   Pageid#: 5

A separate Final Order will be entered herewith.

DATED: August 7, 2014

/s/ James P. Jones
United States District Judge

---

[3] Dismissal of this petition without prejudice leaves Woodward free to refile his claims in a new § 2254 petition, once he has exhausted his state court remedies. I make no finding here suggesting that his allegations support any viable claim for relief.